**MICHAEL A. CISNEROS**
ATTORNEY AT LAW
50 WEST LEMON AVENUE
SUITE 12
MONROVIA, CALIFORNIA 91016
(626) 359-3692  FAX: (626) 359-3728

Michael A. Cisneros, SBN 105483
mcisneros@mac.com

Attorneys for Plaintiffs

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Chapter 7 |
| MICHAEL BEHNAM MOTTALE and ERICA MOTTALE, | CASE NO. 13-11586-MM7 |
| Debtor | ADV NO. |
| MICHAEL BEHNAM MOTTALE and ERICA MOTTALE, | COMPLAINT TO ENFORCE POST-DISCHARGE INJUNCTION; FOR DECLARATORY RELIEF; AND DAMAGES FOR WILLFULL VIOLATION OF THE POST-DISCHARGE INJUNCTION AND FOR ATTORNEYS FEES AND COSTS |
| Plaintiff | |
| vs. | |
| WAISS KADER; an individual; FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation; and CHICAGO TITLE INSURANCE COMPANY, a Florida corporation, | Date:<br>Time:<br>Place: |
| Defendants. | |

TO CREDITORS, WAISS KADER, an individual; FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation; and CHICAGO TITLE INSURANCE COMPANY, a Florida corporation:

Plaintiffs, Michael Behnam Mottale and Erica Mottale, by and through their counsel of record, Michael A. Cisneros, allege as follows:

///

///

1

I.

**FIRST CLAIM FOR RELIEF**

**(Enforcement of Post-Discharge Injunction Pursuant to 11 U.S.C. §§524(a)(1) and (2))**

1. The Debtors, Michael Behnam Mottale and Erica Mottale ("Plaintiffs"), filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code on November 28, 2013 (the "Petition Date"). Ronald E. Stadtmueller was the duly appointed and acting Chapter 7 Trustee for the estate of Michael Behnam Mottale and Erica Mottale.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 157 and 11 U.S.C. Section 524. This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

3. At all times herein mentioned, Defendant, Waiss Kader ("Kader"), was and now is an individual with his principal place of residence within the jurisdiction of the Court.

4. At all times herein mentioned, Defendant, Fidelity National Financial, Inc. ("Fidelity"), was and now is a corporation, organized under the laws of the State of Delaware and authorized to do business in the State of California and with its principal place of business within the jurisdiction of the Court.

5. At all times herein mentioned, Defendant, Chicago National Title Company. ("Chicago"), was and now is a corporation, organized under the laws of the State of Florida and authorized to do business in the State of California and with its principal place of business within the jurisdiction of the Court.

6. During the pendency of Plaintiffs' Chapter 7 case, March 7, 2014 was fixed by the Court as the last date for filing objections to the discharge of the Debtors and for filing of complaints as provided in 11 U.S.C. Section 523(c), to determine the dischargeability of debts claimed to be nondischargeable. No complaints were filed in Plaintiffs' case and on March 10, 2014, the Plaintiff received a Discharge pursuant to 11 U.S.C. §727(a).

7. Prior to the filing of the Plaintiffs' Chapter 7 Bankruptcy Petition, Defendant Kader had filed a Complaint against the Debtor in the Superior Court of the State of California, in and for the County of San Diego, entitled *Waiss Kader, Plaintiff, v. JP Morgan Chase, N.A., a National Banking Association; U.S. Bank, N.A., a National Banking Association; California Reconveyance*

*Company, a California corporation; Farzad Adhami, an individual; Babak B. Mottale, an individual; Michael B. Mottale, an individual; Wisconsin Trust; PCU, LLC, a California limited liability company; and DOES 1 through 100, inclusive,* case number 37-2012-00096697-CU-OR-CTL ("State Court Action"). This action was disclosed in the Plaintiffs' Statement of Financial Affairs and the co-Defendants were scheduled in the Plaintiff's Schedule E, Creditors Having Unsecured, Non-Priority Claims, as having an unsecured debt owed by the Plaintiffs or to receive "Notice Only."

8. The lawsuit arose from the sale of certain real property located at 7853 Via Capri, La Jolla, California ("Real Property") by Plaintiff, Michael Behnam Mottale and his brother, Babak B. Mottale to Defendant Kader. In the State Court Action, Defendant Kader alleged that Plaintiffs and the co-Defendants in said action engaged in an elaborate scheme to remove recorded Deeds of Trust from the Chain of Title of the Real Property, in order to create "equity" to be realized by the Plaintiffs and Babak B. Mottale upon the sale of the Real Property to Defendant Kader.

9. Since the State Court Action was pending at the time of the Plaintiffs' filing of their Chapter 7 Petition, proceeding with the State Court Action was automatically stayed by the provisions of 11 U.S.C. §362(a). At no point during the pendency of the Plaintiffs' Chapter 7 case did Defendant Kader ever obtain relief from the automatic stay, authorizing him to proceed with the State Court Action. In addition, an as alleged above, at no time during the pendency of the Plaintiffs' Chapter 7 case did Defendant Kader ever file a Complaint to have his debt deemed nondischargable under the provision of 11 U.S.C. §523(a).

10. The Plaintiffs' Chapter 7 case was deemed to be a No Asset, No Claims Bar Date case by the Trustee. Thus, the obligation owed to Defendant Kader was discharged under *11 U.S.C. §727(a)*.

11. Subsequent to the entry of Plaintiffs' Discharge in this Chapter 7 case, Defendant Kader continued to prosecute the State Court Action which proceeded to Trial on April 22, 2014. Trial was completed and on July 8, 2014, the Honorable Timothy B. Taylor, Judge of the Superior Court, filed an Amended Statement of Decision which found Plaintiff, Michael Behnam Mottale, liable to Defendant Kader on the Complaint.

Complaint to Enforce Post-Discharge Injunction, etc.

12. Subsequent to the filing of the Amended Statement of Decision, Defendant Kader presented to the State Court a proposed Judgment, which Judgment was filed on November 3, 2014. Subsequent to the entry of Judgment, Defendant Kader assigned the Judgment to Defendant Chicago and Fidelity.

13. After the assignment of the Judgment by Defendant Kader to defendants Chicago and Fidelity, said Defendants commenced collection actions against Plaintiff Michael Behnam Mottale, including obtaining the issuance of an Abstract of Judgment on March 12, 2018 and recording the same with the San Diego County Recorder's Office and, on May 10, 2018, obtaining an Order for Appearance and Examination of Plaintiff, Michael Behnam Mottale, requiring Mr. Mottale to appear in the San Diego Superior Court and submit to an examination of his assets and finances in order to aid Defendants Chicago and defendant fidelity in their efforts to collect on the Judgment.

14. Prior to July 11, 2018, Plaintiffs' retained Jennifer Hasso as their counsel to address the collection efforts being implemented by Defendants Chicago and Fidelity. Ms. Hasso, on July 11, 2018, advised counsel for Defendants Chicago and Fidelity, that she was representing Plaintiff, Michael Behnam Mottale, and further advised counsel for Defendants Chicago and Fidelity that Plaintiffs had file for relief under Chapter 7 of the United States Bankruptcy Code and that they had been discharged on March 10, 2014. In response, Counsel for Defendants Chicago and Fidelity stated "While I do not believe an order of discharge of the Chase debt entered May 10, 2014 in Bankruptcy Court is material, at least because (a) Judge Taylor entered Fidelity's judgment, by assignment from Waiss Kader, on May 20, 2014, after the discharge order, (b) the Judgment is not the Chase debt and did not exist when the Chase debt was purportedly discharged; and (c) the Judgment was expressly based upon fraudulent conduct, and is excepted from discharge under Bankr. Code Section 523, Fidelity would be interested in receiving, if you would be so kind as to forward them to me, (a) the order of discharge, and (b) the notice of bankruptcy giving Waiss Kader, original judgment creditor, notice of the bankruptcy proceeding." The requested pleadings were forwarded to Counsel for Defendants Chicago and Fidelity, in hopes that they would either elect not to proceed with their collection efforts or to seek an Order Reopening the Debtors' Bankruptcy case and to file a Complaint Determining its Debt to be NonDischargable. Instead, Defendants Chicago

and Fidelity elected to ignore the Bankruptcy filing and Discharge and to proceed as if the automatic stay and discharge had never existed.

15. Defendants Chicago and Fidelity continue to proceed with efforts to collect on the discharged obligation, in violation of the Post-Discharge Injunction set forth in *11 U.S.C. §524(b)(1) and (2)*. Absent a determination and order of the Court that Defendant Chicago and Fidelity's debt has been discharged and that its actions violate the injunction, said Defendants will continue with their actions to the detriment of the Plaintiffs.

16. As such, Plaintiffs desire a determination of the Court that the obligation owed to Defendants Kader, Chicago and Fidelity has been discharged and that their actions violate the provisions of *11 U.S.C. §524(b)(1) and (2)*.

## II.

## SECOND CLAIM FOR RELIEF

**(Damages for Violation of Post-Discharge Injunction Pursuant to 11 U.S.C. §105(a))**

17. Plaintiffs hereby refer to and incorporate herein Paragraphs 1 through 15, inclusive, of their first Claim for Relief as if the same were fully set forth at this point.

18. After having been granted a discharge, Defendant Kader continued in his prosecution of the State Court Action against the Plaintiffs, seeking to collect on the debt that was discharged by the Plaintiffs in their Chapter 7 case.

19. Despite the discharge in Plaintiffs' case, Defendants Kader, Chicago and Fidelity continue to pursue Plaintiffs by, amongst other actions, obtaining the issuance of an Abstract of Judgment on March 12, 2018 and recording the same with the San Diego County Recorder's Office and, on May 10, 2018, obtaining an Order for Appearance and Examination of Plaintiff, Michael Behnam Mottale, requiring Mr. Mottale to appear in the San Diego Superior Court and submit to an examination of his assets and finances in order to aid Defendants Chicago and defendant fidelity in their efforts to collect on the Judgment and failing to dismiss the Complaint despite being advised of the Plaintiffs' discharge and their demand that all collection actions cease.

20. The actions by Defendants Kader, Chicago and Fidelity are willful in that they have continued these actions after being advised of the Plaintiffs' discharge and their failure to seek a

determination of the Court that their debt be deemed exempt from the discharge. Instead, Defendants Kader, Chicago and Fidelity have ignored the discharge and proceeded with the State Court action.

21. Due to the actions of Defendants Kader, Chicago and Fidelity, Plaintiffs have been damaged in an amount to be shown at Trial.

22. Pursuant to 11 U.S.C. §105(a), the Court may issue any order or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. An award of damages against Defendants Kader, Chicago and Fidelity is appropriate for their violation of the Post-Discharge Injunction.

## III.

## THIRD CLAIM FOR RELIEF

### (Attorney's Fees and Costs Pursuant to 11 U.S.C. §105(a))

23. Plaintiffs hereby refer to and incorporate herein Paragraphs 1 through 15, inclusive, of their first Claim for Relief and Paragraphs 18 through 21 of their Second Clam for Relief as if the same were fully set forth at this point.

24. As a result of the actions of Defendants Kader, Chicago and Fidelity, the Plaintiffs have incurred Attorney's Fees and Costs as will be proven at the time of Trial.

25. Pursuant to 11 U.S.C. §105(a), the Court may issue any order or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. An award of Attorney's Fees and Costs against Defendants Kader, Chicago and Fidelity are appropriate for their violation of the Post-Discharge Injunction.

## IV.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

26. Plaintiffs hereby refer to and incorporate herein Paragraphs 1 through 15, inclusive, of their first Claim for Relief as if the same were fully set forth at this point.

27. An actual controversy exists between Plaintiffs and Defendants Kader, Chicago and Fidelity concerning their respective rights and obligations owed to Defendants Kader, Chicago and

6

Fidelity for damages arising for the allegations set forth in the State Court Action. Plaintiffs contend that they are not obligated to Defendants Kader, Chicago and Fidelity for any damages which arose prior to the date of filing of their Chapter 7 Petition.

28.  Plaintiffs desire a judicial determination that the Judgment filed in the State Court Action after the filing of the Plaintiffs' Chapter 7 Petition and the entry of a Discharge by the Bankruptcy Court on March 10, 2014 is void as the case having been prosecuted after the Bankruptcy filing and thus in violation of the automatic stay and for Defendants Kader, Chicago and Fidelity failing to seek any relief from this Bankruptcy Court for having their debt deemed nondischargable. Alternatively, Plaintiffs seek a determination that the Judgment is voidable and a further determination that it is void as having been filed in violation of the automatic stay and the post-discharge injunction.

29.  Plaintiffs have no adequate or speedy remedy at law.

## V.

## **PRAYER**

WHEREFORE, Plaintiff requests of this Court as follows:

AS TO THE FIRST CLAIM FOR RELIEF:

1.  For a determination of that the Judgment obtained by Defendants Kader, Chicago and Fidelity against Plaintiffs has been discharged pursuant to *11 U.S.C. §524(a)*;

AS TO THE SECOND CLAIM FOR RELIEF:

2.  For damages suffered by the Plaintiffs and resulting from Defendants Kader, Chicago and Fidelity's willful violation of the Post-Discharge Injunction;

AS TO THE THIRD CLAIM FOR RELIEF:

3.  For an award of Attorney's Fees and Costs incurred by the Plaintiffs and resulting from Defendants Kader, Chicago and Fidelity's willful violation of the Post-Discharge Injunction;

AS TO THE FOURTH CLAIM FOR RELIEF

4.  For a declaration by the Court that the Plaintiffs do not owe any money to Defendants Kader, Chicago and Fidelity;

///

Complaint to Enforce Post-Discharge Injunction, etc.

AS TO ALL CLAIMS FOR RELIEF:

5. For reasonable attorneys' fees and costs incurred in prosecuting this action; and

6. For such other and further relief as the Court may deem just and proper.

Date: February 18, 2019

MICHAEL A. CISNEROS
Attorney at Law

By: _____
Michael Anthony Cisneros
Attorneys for Plaintiffs,
Michael Behnam Mottale and Erica Mottale